**U.S. DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS

**FILED**

FEB 2 2 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

ORIGINAL

# United States District Court

### Northern District of Texas
### Dallas Division

UNITED STATES OF AMERICA

      v.

PAUL RAY WHITE, JR.
    Defendant.

Case Number   3:97-CR-373-L(07)

## JUDGMENT IN A CRIMINAL CASE
### (For **Revocation** of Probation or Supervised Release)
### (For Offenses Committed On or After November 1, 1987)

The defendant, PAUL RAY WHITE, JR., was represented by Sam Ogan, Assistant Federal Public Defender.

**THE DEFENDANT:**

Pleaded true to violations of conditions of the term of supervision. A copy of the Petition for Offender Under Supervision, filed January 22, 2007, is attached.

Certified copy of the Judgment imposed on October 20, 2005, in the Northern District of Texas, is attached.

As pronounced on February 20, 2007, the defendant's supervised release is hereby revoked, and he is sentenced as provided in pages 1 and 2 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Signed this the __Z-Z Nd__ day of February, 2007.

Sam A. Lindsay
United States District Judge

AO 245 D (Rev.10/96)Sheet 2 - Imprisonment in a Criminal Case for Revocations

Defendant: PAUL RAY WHITE, JR.                                     Judgment--Page 2 of 2
Case Number: 3:97-CR-373-L(07)

## IMPRISONMENT

   The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of eight (8) months.  This sentence shall run consecutively to the term of imprisonment imposed in  Case No. 3:01-CR-270-L(01).

   The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.


_____
United States Marshal

By _____
Deputy Marshal

PROB 12C
(3/2005)

# United States District Court

for

Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 2 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

### Petition for Offender Under Supervision

Name of Offender: <u>Paul Ray White, Jr.</u>          Case Numbers: <u>3:97-CR-373-H(07)</u>
                                                                  <u>3:01-CR-270-H(01)</u>

Name of Sentencing Judicial Officer:  <u>Senior U.S. District Judge Barefoot Sanders</u>

Date of Original Sentences: <u>Case No.: 3:97-CR-373-H(07):  May 14, 1998;</u>
                            <u>Case No. 3:01-CR-270-H(01): January 3, 2002</u>

Original Offenses:  <u>Case No. 3:97-CR-373-H(07):  Distribution of Crack Cocaine and Aiding and</u>
                    <u>Abetting, 21 USC § 841(a)(1) & (b)(1)(C) and 18 USC § 2;</u>
                    <u>Case No. 3:01-CR-270-H(01):  Escape From a Federal Detention Facility,</u>
                    <u>18 USC § 751(a)</u>

Original Sentences:  <u>Case No. 3:97-CR-373-H(07):  24 months custody, 3-year term of supervised</u>
                     <u>release.  Revoked October 20, 2005.  Received 11 months custody, 22-month term</u>
                     <u>of supervised release.</u>
                     <u>Case No. 3:01-CR-270-H(01): 37 months custody to be served consecutive to any</u>
                     <u>undischarged term of imprisonment in Case No. 3:97-CR-373-H(07), 3-year term</u>
                     <u>of supervised release.  Revoked October 20, 2005.  Received 11 months custody,</u>
                     <u>22-month term of supervised release to run concurrent with sentence in</u>
                     <u>Case No.: 3:97-CR-373-H(07)</u>

Type of Supervision:  <u>Supervised Release</u>

Date Supervision Commenced:  <u>October 2, 2002</u>

Assistant U.S. Attorney:    <u>Case No. 3:97-CR-373-H(07): William C. McMurrey</u>
                            <u>Case No. 3:01-CR-270-H(01): Mark McBride</u>

Defense Attorney:  <u>Case No. 3:97-CR-373-H(07): John "Eric" Redwine (appointed)</u>
                   <u>Case No. 3:01-CR-270-H(01):  Richard Goldman (appointed)</u>

## PETITIONING THE COURT FOR ACTION FOR CAUSE AS FOLLOWS:

[X]   To issue a violator's warrant.

[]   To issue a summons.

The probation officer believes that the offender has violated the following condition(s):

### I.

**Violation of Mandatory Condition**: The defendant shall not illegally possess a controlled substance. (Case Nos. 3:97-CR-373-H(07) and 3:01-CR-270-H(01))

**Violation of Standard Condition No. 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. (Case No. 3:01-CR-270-H(01))

**Nature of Noncompliance**

Paul Ray White, Jr., violated these conditions of supervised release by using and possessing marijuana, an illegal controlled substance, in or about, October, November, and December 2006. On October 30, November 4 and 15, and December 4, 2006, Mr. White submitted urine specimens to New Day Counseling, Dallas, Texas, that tested positive for cannabinoids. On December 4, 2006, Mr. White submitted a urine specimen to New Day Counseling, Dallas, Texas, that tested positive for benzoylecgonine-cocaine metabolite.

On November 3, 2006, Mr. White admitted verbally and in writing to U.S. Probation Officer Nancy Hancock that he used marijuana on October 27, 2006. The positive urine specimens submitted in November and December 2006 confirmed positive for cannabinoids. The positive urine specimen submitted in December 2006 confirmed positive for benzoylecgonine-cocaine metabolite.

### II.

**Violation of Special Condition**: The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is ordered that the defendant contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment. (Case No. 3:97-CR-373-H(07))

PROB 12C
Paul Ray White, Jr.
Petition for Offender Under Supervision

Page 3

**Nature of Noncompliance**

Paul Ray White, Jr., violated this condition of supervised release by failing to submit a urine specimen on October 17 and December 18, 21, and 23, 2006.

Paul Ray White, Jr., violated this condition of supervised release by failing to participate in his substance abuse treatment program by not attending group treatment on October 14, November 18 and 25, and December 16 and 23, 2006.

**III.**

**Violation of Standard Condition No. 2**:  The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first 5 days of each month. (Case Nos. 3:97-CR-373-H(07) and 3:01-CR-270-H(01))

**Nature of Noncompliance**

Paul Ray White, Jr., violated this condition of supervised release by failing to report as directed on October 3, November 2, 3, 21, and 30, and December 7 and 20, 2006.

Paul Ray White, Jr., violated this condition of supervised release by failing to submit a truthful and complete written report by the 5th day of December 2006 and January 2007.

Respectfully submitted,

Nancy Hancock
U.S. Probation Officer
972-864-8503, Ext. 220

Approved,

Deborah Durrant
Supervising U.S. Probation Officer
972-864-8503, Ext. 230

I declare under penalty of perjury that the foregoing is true and correct.

Nancy Hancock
U.S. Probation Officer

Signed on _____
                     Date

THE COURT ORDERS:

[ ]    No action.
[✓]    The issuance of a violator's warrant.
[ ]    The issuance of a summons.
[ ]    Other.

_____
Barefoot Sanders
Senior U.S. District Judge


_____1/22/07_____
Date

NH

# United States District Court

### Northern District of Texas
### Dallas Division

UNITED STATES OF AMERICA

    v.

PAUL RAY WHITE, JR.
    Defendant.

Case Number    3:97-CR-373-H (07)
Defendant's USM No: 31436-077

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

   OCT 2 0 2005

CLERK, U.S. DISTRICT COURT
By_____
              Deputy
```

# JUDGMENT IN A CRIMINAL CASE

### (For **Revocation** of Probation or Supervised Release)
### (For Offenses Committed On or After November 1, 1987)

The defendant, PAUL RAY WHITE, JR., was represented by Sam Ogan, Assistant Federal Public Defender.

**THE DEFENDANT:**

Admitted guilt of violation of a Mandatory Condition, Standard Condition Nos. 7 and 8, and a Special Condition of the term of supervision.

| Violation Number | Nature of Violation | Date of Violation |
|---|---|---|
| Mandatory Condition (Case Nos. 3:97-CR-373-H (07) and 3:01-CR-270-H (01)) | Failure to refrain from illegally possessing a controlled substance. | August, September, October, and December 2004; January 2005 |
| Standard Condition No. 7 (Case No. 3:01-CR-270-H (01)) | Failure to refrain from purchasing, possessing, using, distributing, or administering any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. | August, September, October, and December 2004; January 2005 |
| Standard Condition No. 8 (Case Nos. 3:97-CR-373-H (07)) | Failure to refrain from frequenting places where controlled substances are illegally sold, used, distributed, or administered. | August, September, October, and December 2004; January 2005 |
| Special Condition (Case Nos. 3:97-CR-373-H (07)) | Failure to participate in a program approved by the U.S. Probation Officer for treatment of narcotic or drug or alcohol dependency. Failure to abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. | August, September, October, November, and December 2004; January 2005 |

Certified copy of the Judgment imposed on May 14, 1998, in the U.S. District Court for the Northern District of Texas, Dallas Division, is attached.

As pronounced on October 20, 2005, the defendant is sentenced as provided in pages 1 and 2 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Certified a true copy of an instrument
on file in my office on 2-22-07
Clerk, U.S. District Court,
Northern District of Texas
By D. Graves_____ Deputy

AO 245 D (Rev.10/96)Sheet 2 - Imprisonment in a Criminal Case for Revocations

Defendant: PAUL RAY WHITE, JR.                                    Judgment--Page 1a  of 4
Case Number: 3:97-CR-373-H  (07)


     IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

     Signed this the _____ day of October, 2005.


BAREFOOT SANDERS
SENIOR UNITED STATES DISTRICT JUDGE

AO 245 D (Rev.10/96)Sheet 2 - Imprisonment in a Criminal Case for Revocations

Defendant: PAUL RAY WHITE, JR.                                    Judgment--Page 2 of 4
Case Number: 3:97-CR-373-H (07)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ELEVEN (11)** months.  This term shall run concurrently with the term imposed in Case No. 3:01-CR-270-H (01).

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 D (Rev. 1/97)(N.D.TX. Rev. 2.0) Sheet 3 - Supervised Release in a Criminal Case for Revocations

Defendant: PAUL RAY WHITE, JR.                                                    Judgment--Page 3 of 4
Case Number: 3:97-CR-373-H (07)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **22 Months**.  This term shall run
concurrently with the term imposed in Case No. 3:01-CR-270-H (01).

       The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release
from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

       The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test
within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future
substance abuse. (Check, if applicable)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable)

       If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay
any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and
Restitution sheet of the judgment.

       The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The
defendant shall also comply with the additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within 10 days of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 9/96)(N.D.TX. Rev. 2.0) Sheet 3a - Revocation

Defendant: PAUL RAY WHITE, JR.                                          Judgment--Page 4 of 4
Case Number: 3:97-CR-373-H (07)

### SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

The defendant shall provide to the U.S. Probation Officer any requested financial information.

The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse.  The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment.  It is ordered that the defendant shall contribute to the costs of services rendered (copayment) in an amount to be determined by the U.S. Probation Officer, based on ability to pay or availability of third-party payment.

The defendant shall notify the U.S. Probation Officer at least 10 days prior to any change of residence. Standard Condition No. 6 will apply only to changes in employment.

AO 245 S (Rev. 9/96)(N.D. Tx. Rev 2.6) Sheet — Judgment in a Criminal Case

Case 3:97-cr-00373   Document 250   Filed 05/15/1998   Page 1 of 5

# United States District Court

## Northern District of Texas

### Dallas Division

FILED

MAY 1 5 1998

NANCY DOHERTY, CLERK

BY _____
          Deputy

UNITED STATES OF AMERICA

  v.                                   Case Number   3:97-CR-373-H (07)

PAUL RAY WHITE, JR.
      Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, PAUL RAY WHITE, JR., was represented by John "Eric" Redwine.

On motion of the United States, the court has dismissed count one of the indictment as to this defendant.

The defendant pleaded guilty to count 7 of the indictment filed on November 6, 1997. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number |
|---|---|---|---|
| 21 USC §§ 841(a)(1) & (b)(1)(C) and 18 USC § 2 | Distribution of Crack Cocaine, Aiding and Abetting | June 26, 1997 | 7 |

As pronounced on May 14, 1998, the defendant is sentenced as provided in pages 1 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the _15_ day of May, 1998.

BAREFOOT SANDERS
SENIOR UNITED STATES DISTRICT JUDGE

Certified a true copy of an instrument
on file in my office on __10/20/05__
Clerk, U.S. District Court,
Northern District of Texas
_____ Deputy

250

AO 245 S (Rev. 9/96)(N.D.Tx. Rev. 2.0) Sheet 2 - Imprisonment

Defendant: PAUL RAY WHITE, JR                                    Judgment--Page 2 of 5
Case Number: 3:97-CR-373-H (7)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 months.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.


                                        _____
                                                United States Marshal

                                        By _____
                                                Deputy Marshal

AO 245 S (Rev. 10/93)(N.D.TX. Rev. 2.0) Sheet 3 - Supervised Release

Defendant: PAUL RAY WHITE, JR                                        Judgment--Page 3 of 5
Case Number: 3:97-CR-373-H (7)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  3 years.

     The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

     The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable)

     If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

     The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)  The defendant shall support his or her dependents and meet other family responsibilities.
5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6)  The defendant shall notify the probation officer 10 days prior to any change in residence or employment.
7)  The defendant shall refrain from excessive use of alcohol.
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 9/96)(N.D.TX. Rev. 2.0) Sheet 3a - Supervised Release

Defendant: PAUL RAY WHITE, JR                          Judgment--Page 4 of 5
Case Number: 3:97-CR-373-H (7)

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

The defendant shall provide to the probation officer any requested financial information.

The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is ordered that the defendant contribute to the costs of services rendered (co-payment) in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

The defendant shall notify the probation officer at least 10 days prior to any change of residence. Standard Condition No. 6 will apply only to changes in employment.